T.C. Memo. 2002-258

UNITED STATES TAX COURT

LaTANYA HAYWOOD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5223-01.                    Filed October 8, 2002.

LaTanya Haywood, pro se.

<u>Vicki L. Miller</u>, for respondent.

MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>: Respondent determined a deficiency of $4,157 in petitioner's Federal income tax for 1999.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. Petitioner's legal residence at the time the petition was filed was Kansas City, Missouri.

The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction under section 151(c)[1] for her son, Brandon R. Haywood, and (2) whether petitioner's son, Brandon R. Haywood, is a qualifying child under section 32(c)(3)(A) so as to increase the amount of the earned income credit under section 32(a) allowable to petitioner.

In the stipulation, respondent conceded the following adjustments in the notice of deficiency:

(1) That petitioner was entitled to a dependency exemption deduction for another son, Brent R. Covington;

(2) That petitioner's son, Brent R. Covington, was a qualifying child under section 32(c)(3)(A) entitling petitioner to an earned income credit under section 32(a); and

(3) That petitioner was entitled to head-of-household filing status under section 2(b) instead of single as determined in the notice of deficiency.

With respect to the first issue regarding the dependency exemption deduction claimed for Brandon R. Haywood, section 151(c) allows taxpayers to deduct an annual exemption amount for each dependent as defined in section 152.  Under section 152(a),

---

[1]    Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

the term "dependent" means certain individuals over half of whose support was received from the taxpayer during the taxable year in which such individuals are claimed as dependents. Eligible individuals who may be claimed as dependents include, among others, a son or daughter of the taxpayer. See sec. 152(a)(1).

Section 1.152-1(a)(2)(i), Income Tax Regs., provides that, in determining whether an individual received over half of his support from the taxpayer, "there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources, including support which the individual himself supplied." In Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971), this Court held that, in establishing that more than one-half of a dependent's support has been provided, a prerequisite to such a showing is the demonstration by competent evidence of the total amount of the dependent's support from all sources for that year. If the amount of total support is not established and cannot be reasonably inferred from competent evidence available to the Court, it is not possible to conclude that the taxpayer claiming the exemption provided more than one-half of the support of the claimed dependent.

Petitioner's son, Brandon R. Haywood (Brandon), was born on August 12, 1978, and, thus, attained the age of 21 during 1999. On April 15, 1995, Brandon was convicted in the State of Missouri

of involuntary manslaughter and was sentenced to a 15-year prison term.  He was incarcerated at or shortly after the sentencing date, and, throughout 1999, Brandon was an inmate at the Missouri Eastern Correction Center at either Pacific, Missouri, or the prison facility at Cameron, Missouri.  Brandon, therefore, did not live with petitioner at any time during 1999.  Petitioner claimed Brandon as a dependent on her 1999 Federal income tax return, which was disallowed by respondent on the ground that petitioner did not provide more than one-half of petitioner's support during the year in question.

Petitioner was not required by the State of Missouri to provide or pay for any support for Brandon.  Petitioner, however, voluntarily paid on a biweekly basis amounts to the prison, which were placed in an account for Brandon for his use in purchasing allowable incidentals not furnished or provided by the prison.  Although petitioner did not substantiate the amounts she contributed for Brandon during 1999, she claims that, after he was incarcerated, she initially contributed $160 every 2 weeks but later reduced the contributions to $50 every 2 weeks.  The Court assumes that, during 1999, petitioner's claimed contributions would have approximated $50 every 2 weeks, or $1,300.

The Court concludes from the record that petitioner failed to establish that she provided more than half of Brandon's

support during 1999, even if she contributed $1,300 for his support that year to pay for Brandon's incidental needs. The Court rejects petitioner's contention that, because Brandon qualified for and received special education at the prison, petitioner was entitled to claim the dependency exemption deduction for him. Section 152 and applicable regulations have no provision that would qualify the beneficiaries of such assistance as dependents under section 152. It is quite evident from the record that Brandon's total support for 1999 was not established, and that factor alone is sufficient to disallow petitioner's entitlement to the dependency exemption deduction. It is also evident that the support provided to Brandon by the State prison system where he was incarcerated far exceeded the monetary amounts provided by petitioner. Respondent, therefore, is sustained on this issue.

The second issue is whether Brandon, during 1999, was a qualifying child with regard to petitioner for purposes of the earned income credit under section 32(a).

Section 32(a) provides for an earned income credit in the case of an eligible individual. Section 32(c)(1)(A), in pertinent part, defines an "eligible individual" as an individual who has a qualifying child for the taxable year. Sec. 32(c)(1)(A)(i). A qualifying child is one who satisfies a relationship test, a residency test, an age test, and an

identification requirement.  See sec. 32(c)(3).  To satisfy the residency test, the qualifying child must have the same principal place of abode as the taxpayer for more than one-half of the taxable year in which the credit is claimed.  Sec. 32(c)(3)(A)(ii).

As discussed above, petitioner's son, Brandon, did not have his principal place of abode with petitioner during 1999.  Her son, Brandon, was not a qualifying child under section 32(a) so as to increase the amount of petitioner's earned income credit for 1999.  Respondent, therefore, is sustained on this issue.

Decision will be entered

under Rule 155.